UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

UNITED STATES      )
                      )
v.                    )      Crim. Case. No. 15-mj-06024
                      )
DAVID WRIGHT     )
    Defendant.     )
_____ )

**DEFENDANT'S MOTION FOR
JENCKS MATERIAL FOR USE AT DETENTION HEARING**

The Defendant David Wright hereby moves under Rules 26.2 and 46(j) of the Federal

Rules of Criminal Procedure for an order that the government produce (1) the prior statements of

all witnesses who will testify at the detention hearing, and (2) the prior statements of all persons

whose hearsay statements are revealed in the testimony of the government's witnesses at the

detention hearing. To avoid the necessity of a "recess" in the hearing, see Fed. R. Crim. P.

26.2(d), the Defendant requests that the court order the government to produce such statements

to the Defendant prior to the commencement of the detention hearing. In support of this motion,

the Defendant states as follows.

Rule 46(j) of the Federal Rules of Criminal Procedure requires Jencks Act disclosures at

detention hearings held under 18 U.S.C. § 3142; see also Fed. R. Crim. P. 26.2(g)(4). The

purpose of Rule 26.2 is to meet the "continuing and compelling need to assess the credibility and

reliability of information relied upon by the court, whether the witness's testimony is being

considered at a pretrial proceeding, at trial, or a post-trial proceeding." Fed. R. Crim. P. 46,

advisory committee notes, 1993 Amendment. As the advisory committee notes point out:

> The need for reliable information is no less crucial in a
> proceeding to determine whether a defendant should be
> released from custody. The issues decided at pretrial

> detention hearings are important to both a defendant and the community...
>
> In upholding the constitutionality of pretrial detention based upon dangerousness, the Supreme Court in *United States v. Salerno*, 481 U.S. 739 (1987), stressed the existence of procedural safeguards in the Bail Reform Act. The Act provides for the right to counsel and the right to cross-examine adverse witnesses. ... Those safeguards, said the Court, are "specifically designed to further the accuracy of that determination." 481 U.S. at 751. The Committee believes that requiring the production of a witness's statement will further enhance the fact-finding process.

Id.

While it is true that the Bail Reform Act permits the introduction of hearsay evidence, see 18 U.S.C. § 3142(f) ("[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing"), the statute also requires that the defendant be afforded an opportunity "to cross-examine witnesses who appear at the hearing." Id. The opportunity to cross-examine means a meaningful opportunity to cross-examine.

In the case of hearsay testimony at a detention hearing, the witness testifying to the hearsay is merely the vehicle for the transmission of the testimony of others. For the Defendant to meaningfully confront such testimony through cross-examination, and for the court to be satisfied that it may rely on such information, all prior statements made by the testifying agent and all other hearsay declarants should be produced under Rules 46(j) and 26.2. Failure to order disclosure would permit the government to circumvent the Defendant's right to meaningful cross-examination of witnesses at a detention hearing.

In the trial context, Congress has recognized that non-testifying, hearsay declarants ought to be subject to impeachment in the same manner as witnesses who appear in person. Under

Federal Rule of Evidence 806, a non-testifying declarant whose hearsay is admitted into evidence may be "attacked...by any evidence that would be admissible for those purposes if the declarant had testified as a witness." See Fed. R. Evid. 806. The only mechanism to enforce the strictures of Rule 806 is production of a non-testifying declarant's prior statements.

Likewise, in this case, production of any hearsay declarants' prior statements recognizes the significant role that these out of court assertions can play in determining the merits of the Government's motion for detention. John G. Douglass, Balancing Hearsay and Criminal Discovery, 68 Fordham L. Rev. 2097, 2169 (2000).

## **CONCLUSION**

Therefore, the Defendant respectfully requests production, pre-hearing, of (1) the prior statements of all witnesses who will testify at the detention hearing, and (2) the prior statements of all persons whose hearsay statements are revealed in the testimony of the government's witnesses at the detention hearing

Respectfully Submitted,
David Wright
By his attorneys

/s/ Michael Tumposky
Michael Tumposky
BBO No. 660618
Jessica D. Hedges
BBO No. 645847
Hedges & Tumposky, LLP
15 Broad Street
Boston, MA 02109
T) (617) 722-8220
F) (617) 507-8116
E) Tumposky@HTLawyers.com

## CERTIFICATE OF SERVICE

I, Michael Tumposky, hereby certify that, on this the 12th day of June, 2015, I served a copy of this document, where unable to do so electronically by first-class mail, postage prepaid, to all counsel of record in this matter.

/s/ Michael Tumposky
Michael Tumposky